[No. C010112. Third Dist. Oct. 10, 1991.]

In re DAVID L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DAVID L., Defendant and Appellant.

**COUNSEL**

Mark E. Cutler and William A. Davies, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Margaret Garnand Venturi and Robert C. Miller, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

PUGLIA, P. J.—In this appeal we consider Penal Code section 422 which makes it a crime to threaten another with death or great bodily harm. We conclude, inter alia, that section 422 is violated as well when such a threat is communicated by the threatener to a third party and by him conveyed to the victim as when the threat is communicated by the threatener personally to the victim.

A petition pursuant to Welfare and Institutions Code section 602 alleged David L. committed misdemeanor battery (Pen. Code, § 242), attempted to dissuade a victim from reporting a crime (Pen. Code, § 136.1, subd. (c)(1)), and threatened to shoot another person (Pen. Code, § 422; further statutory references to sections of an undesignated code are to the Penal Code). The minor admitted the battery and the juvenile court dismissed the allegation of attempt to dissuade a victim. Following a jurisdictional hearing, the juvenile court sustained the allegation that the minor had threatened to shoot another person in violation of section 422. Committed to the Sacramento County Boys Ranch the minor appeals, contending the evidence does not make out a violation of section 422. We disagree.

On September 27, 1990, Nels J. and his friend, Stephanie H., were standing near the lockers at their school when the minor approached. The minor had been harassing Nels for some time. The minor had a belt wrapped around his fist with the buckle exposed. He pushed Nels against a locker and swung at him. Nels swung back, knocking the minor to the ground.

The minor called Stephanie the following day on the telephone and told her he was angry about the fight. When Stephanie asked what he was going to do, the minor told her to listen. She heard a metallic clicking sound. Stephanie asked what made the sound and the minor replied, "It's a gun, stupid." The minor told Stephanie he was going to shoot Nels.

The next day, Stephanie informed Nels of the minor's threat. Nels took the threat seriously. He believed his life and the lives of members of his family were in danger. He tried to walk in crowds and avoid being in the open alone.

I

The minor contends the evidence is insufficient to support a finding that his conduct violated section 422. He claims the statute does not apply to threats relayed to the victim through an intermediary.

Section 422 provides in relevant part: "Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison."

In construing a statute we must defer to the usual, ordinary import of the language employed. If the words of the statute are clear, we should not add to or alter them. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) We " ' "must follow the language used and give to it its plain meaning . . . ." ' [Citation.]" (*People* v. *Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380].)

The language of section 422 is sufficiently clear so that "its plain meaning should be followed." (See *Great Lakes Properties, Inc.* v. *City of El*

*Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].)
■ It contemplates a threat so "unequivocal, unconditional, immediate, and specific" that it conveys to the victim an "immediate prospect of execution." Even though the person making the threat must have the specific intent that it be taken as a threat, he need have "no intent of actually carrying it out." Finally, as a consequence thereof the person threatened must reasonably be in "sustained fear" for his safety or for the safety of his immediate family.

■ Section 422 does not in terms apply only to threats made by the threatener personally to the victim nor is such a limitation reasonably inferrable from its language. The kind of threat contemplated by section 422 may as readily be conveyed by the threatener through a third party as personally to the intended victim. Where the threat is conveyed through a third party intermediary, the specific intent element of the statute is implicated. Thus, if the threatener intended the threat to be taken seriously by the victim, he must necessarily have intended it to be conveyed. Here, the climate of hostility between the minor and the victim in which the threat was made and the manner in which it was made readily support the inference the minor intended the victim to feel threatened. The communication of the threat to a friend of the victim who was also witness to certain of the antecedent hostilities supports the inference the minor intended the friend act as intermediary to convey the threat to the victim.

Section 71 prohibits threats "directly communicated" to public officers or employees.[1] In *People* v. *Zendejas* (1987) 196 Cal.App.3d 367, 370-373 [241 Cal.Rptr. 715], the defendant made threats to a supervisor at the defendant's place of employment. The threats were made by leaving a message on a telephone answering machine and by speaking on the phone with another employee who relayed the message to the supervisor.

The appellate court rejected the defendant's claim that his threats were not "directly communicated" to the victim and therefore his conduct was not within the prohibition of section 71. (*People* v. *Zendejas, supra,* 196 Cal.App.3d at pp. 374-376.) Reasoning that the statute was intended to proscribe threatening communications, no matter how made, the court held the threats were directly communicated in the sense they were unequivocal and directed at the victim personally and actually received by him. (*Id.* at pp. 376-377.)

---

[1]Section 71 provides in part: "Every person who, with intent to cause, attempts to cause, or causes, any officer or employee of any public or private educational institution or any public officer or employee to do, or refrain from doing, any act in the performance of his duties, by means of a threat, directly communicated to such person, to inflict an unlawful injury upon any person or property, and it reasonably appears to the recipient of the threat that such threat could be carried out, is guilty of a public offense. . . ."

Although section 71 requires a threat "directly communicated" to the victim, one delivered through a third party intermediary selected for that purpose by the person making the threat is within the ambit of the statute. (*People* v. *Zendejas, supra,* 196 Cal.App.3d at pp. 375-377.) A fortiori, section 422 which does not expressly require the threat be "directly communicated" is violated when a threat is relayed through a third party intermediary selected by the threatener.

The minor's threat followed a series of hostile encounters between the minor and the victim culminating in a fight at school. The threat was "unequivocal, unconditional, immediate, and specific." Under the circumstances shown, the victim's fear for his safety and the safety of his family was reasonable. The finding by the juvenile court that the minor violated section 422 is supported by substantial evidence.

## II

■ The minor argues that section 422 requires a showing of "imminent" conduct. He claims the circumstances demonstrate he lacked the immediate ability to carry out the threat which he characterizes as nothing more than "juvenile braggadocio." Section 422 requires only that the words used be of an immediately threatening nature and convey "an immediate *prospect* of execution" (italics added) even though the threatener may have no intent actually to engage in the threatened conduct. The threat is sufficient if it induces a "sustained fear." The minor's statement was of an immediate, unconditional nature and reasonably caused the victim to undergo sustained fear. That is all the statute requires. It does not require the showing of an immediate ability to carry out the stated threat. The minor's threat to shoot the victim was not "on its face and under the circumstances in which it [was] made" either conditional or in jest. According to the testimony, it was without equivocation or ambiguity. The minor's statement is well within the contemplation of section 422.

The threat was also sufficiently specific. Although it did not communicate a time or precise manner of execution, section 422 does not require those details to be expressed. It is enough to threaten "death or great bodily injury to another person." The minor's threat to shoot the victim easily satisfies that element of the statute.

## III

■ The minor argues for a "limiting construction" of section 422, contending that if the section were construed to apply to his conduct as shown here, it would be constitutionally overbroad. The minor's briefs

mention the constitutional issue only perfunctorily, unadorned by argument or analysis. For example, in the conclusion to his opening brief, the minor asserts: "[a] judicial finding that the conduct proven below violates . . . section 422 would run afoul of the First Amendment. . . ." The only other reference in the opening brief to a constitutional challenge is in an introductory statement of issue posed as follows: "May Penal Code section 422 constitutionally create criminal liability for a 'non-street gang person' where the [threat] . . . is made to a third person and not in the presence of the person threatened?" Thereafter, the implied promise of constitutional analysis is unredeemed.

California Rules of Court, rule 15(a) requires each contention in a written argument to "appear separately under an appropriate heading, with subheadings if desired." In his opening brief, the minor sets forth one heading with two subheadings: "I. The conduct surrounding the fight and the phone call does not constitute a violation of Penal Code section 422. [¶] A. Insufficient proof that all elements of Penal Code section 422 were proven beyond a reasonable doubt. [¶] B. Standard of review." Those headings, and no others, also appear in the body of the opening brief.

Because the constitutional claim is not properly presented or developed in the minor's briefs, we need not address it. (See *People* v. *Ladd* (1982) 129 Cal.App.3d 257, 261-262 [181 Cal.Rptr. 29]; *Troensegaard* v. *Silvercrest Industries, Inc.* (1985) 175 Cal.App.3d 218, 228 [220 Cal.Rptr. 712].) Even were we to consider it, however, we would uphold the constitutionality of the statute. The minor bears a heavy burden to establish the invalidity of the statute. (*In re Dennis M.* (1969) 70 Cal.2d 444, 453 [75 Cal.Rptr. 1, 450 P.2d 296].) Since section 422 does not reach a substantial amount of constitutionally protected conduct, a challenge based on overbreadth must fail. (*Hoffman Estates* v. *Flipside, Hoffman Estates* (1982) 455 U.S. 489, 494-495 [71 L.Ed.2d 362, 369, 102 S.Ct. 1186].)

The judgment (order) is affirmed.

Carr, J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 16, 1992.