[No. B214460. Second Dist., Div. Five. Oct. 19, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD LEE SMITH, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II.B.–D.

**COUNSEL**

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, James William Bilderback II and Sonya Roth, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant, Ronald Lee Smith, appeals from a judgment of conviction of corporal injury to a cohabitant and criminal threats. (Pen. Code, §§ 273.5,

subd. (a), 422.) (All further statutory references are to the Penal Code unless otherwise noted.) He was sentenced to four years eight months in state prison. He received credit for 123 days in presentence custody plus 60 days of conduct credit for a total presentence custody credit of 183 days. Defendant was orally ordered to pay an $800 restitution fine (§ 1202.4, subd. (b)), an $800 parole revocation restitution fine (§ 1202.45), "[a]nd any other mandatory court fees and costs as required." In the published portion of this opinion, we hold that there was substantial evidence defendant made criminal threats within the meaning of section 422. We modify the judgment in part and affirm.

## II.   DISCUSSION

### A.   Criminal Threats

■ Defendant argues there was insufficient evidence to support his criminal threats conviction. We apply the following standard of review: "[We] must consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt. (*People* v. *Hayes* (1990) 52 Cal.3d 577, 631 [276 Cal.Rptr. 874, 802 P.2d 376]; *People* v. *Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738].)" (*People v. Mincey* (1992) 2 Cal.4th 408, 432 [6 Cal.Rptr.2d 822, 827 P.2d 388], fn. omitted; accord, *People v. Carter* (2005) 36 Cal.4th 1114, 1156 [32 Cal.Rptr.3d 759, 117 P.3d 476]; see also *People v. Whisenhunt* (2008) 44 Cal.4th 174, 200 [79 Cal.Rptr.3d 125, 186 P.3d 496].) Our sole function is to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [61 L.Ed.2d 560, 99 S.Ct. 2781]; *People v. Hatch* (2000) 22 Cal.4th 260, 272 [92 Cal.Rptr.2d 80, 991 P.2d 165]; *People v. Bolin* (1998) 18 Cal.4th 297, 331 [75 Cal.Rptr.2d 412, 956 P.2d 374]; *Taylor v. Stainer* (9th Cir. 1994) 31 F.3d 907, 908–909.) Our Supreme Court has held, "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' [Citation.]" (*People v. Bolin, supra,* 18 Cal.4th at p. 331, quoting *People v. Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].) The standard of review is the same in cases where the prosecution relies primarily on circumstantial evidence. (*People v. Rodriguez*

(1999) 20 Cal.4th 1, 11 [82 Cal.Rptr.2d 413, 971 P.2d 618]; *People v. Stanley* (1995) 10 Cal.4th 764, 792 [42 Cal.Rptr.2d 543, 897 P.2d 481].) Because intent can seldom be proven by direct evidence, it typically is inferred from the circumstances. (*People v. Smith* (1998) 64 Cal.App.4th 1458, 1469 [76 Cal.Rptr.2d 75]; *People v. Edwards* (1992) 8 Cal.App.4th 1092, 1099 [10 Cal.Rptr.2d 821].)

■    Section 422 states in part, "Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes·that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison." Our Supreme Court has set forth the five elements of a section 422 violation: "In order to prove a violation of section 422, the prosecution must establish all of the following: (1) that the defendant 'willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person,' (2) that the defendant made the threat 'with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out,' (3) that the threat—which may be 'made verbally, in writing, or by means of an electronic communication device'—was 'on its face and under the circumstances in which it [was] made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat,' (4) that the threat actually caused the person threatened 'to be in sustained fear for his or her own safety or for his or her immediate family's safety,' and (5) that the threatened person's fear was 'reasonabl[e]' under the circumstances. (See generally *People v. Bolin*[, *supra*,] 18 Cal.4th [at pp.] 337–340 & fn. 13 . . . .)" (*People v. Toledo* (2001) 26 Cal.4th 221, 227–228 [109 Cal.Rptr.2d 315, 26 P.3d 1051]; accord, *In re George T.* (2004) 33 Cal.4th 620, 630 [16 Cal.Rptr.3d 61, 93 P.3d 1007].)

■    Defendant argues there was insufficient evidence to support the third element; he was in Texas, without a job or income, and the victim, S.J., was in California when he allegedly made the threats; therefore the threats could not have been "so unequivocal, unconditional, immediate, and specific as to convey to the person threatened a gravity of purpose and immediate prospect

of execution of the threat . . . ." Our Supreme Court has held: "With respect to the requirement that a threat be 'so unequivocal, unconditional, immediate, and specific as to convey to the person threatened a gravity of purpose and an immediate prospect of execution of the threat,' we explained in *People v. Bolin, supra,* 18 Cal.4th 297, that the word 'so' in section 422 meant that ' "unequivocality, unconditionality, immediacy and specificity are not absolutely mandated, but must be sufficiently present in the threat and surrounding circumstances . . . ." ' ([*People v.*] *Bolin, supra,* 18 Cal.4th at p. 340, quoting *People v. Stanfield* (1995) 32 Cal.App.4th 1152, 1157 [38 Cal.Rptr.2d 328].) 'The four qualities are simply the factors to be considered in determining whether a threat, considered together with its surrounding circumstances, conveys those impressions to the victim.' (*People v. Stanfield, supra,* 32 Cal.App.4th at pp. 1157–1158.)" (*In re George T., supra,* 33 Cal.4th at p. 635.) The Court of Appeal has held: "The terrorist threat statute requires a threat to be 'so unequivocal, unconditional, immediate, and specific as to convey to the person threatened a gravity of purpose and an immediate prospect of execution of the threat.' (§ 422.) [But section 422] does not require an immediate ability to carry out the threat. (*In re David L.* (1991) 234 Cal.App.3d 1655, 1660 [286 Cal.Rptr. 398].)" (*People v. Lopez* (1999) 74 Cal.App.4th 675, 679 [88 Cal.Rptr.2d 252].) The totality of the circumstances must be considered in addition to the words used. (*People v. Gaut* (2002) 95 Cal.App.4th 1425, 1431 [115 Cal.Rptr.2d 924]; *People v. Mendoza* (1997) 59 Cal.App.4th 1333, 1340–1341 [69 Cal.Rptr.2d 728]; *People v. Martinez* (1997) 53 Cal.App.4th 1212, 1218 [62 Cal.Rptr.2d 303].) As our colleagues in Division Seven of this appellate district explained in *People v. Mendoza, supra,* 59 Cal.App.4th at pages 1340–1341: "[T]he determination whether a defendant intended his words to be taken as a threat, and whether the words were sufficiently unequivocal, unconditional, immediate and specific they conveyed to the victim an immediacy of purpose and immediate prospect of execution of the threat can be based on all the surrounding circumstances and not just on the words alone. The parties' history can also be considered as one of the relevant circumstances. [Citations.]"

Defendant, an unemployed drug user, abused S.J. every day for 19 years—except on the few days when he was unable to do so because he was incarcerated. There was testimony defendant abused her verbally, yelled at her, calling her a "bitch" and a "slut" and a no good "piece of shit"; administered beatings which were severe and became worse over time; hit and kicked her; kicked her in the legs, the stomach, the back and "just anywhere"; kicked her when she was on the floor; slapped her in the head and the face; pulled her hair; and urinated on her. The testimony indicated: defendant beat S.J. when she was eight months pregnant; this resulted in the

child's death; he kicked her in the head less than a month after she had brain surgery—surgery that was necessary because of repeated blunt force trauma; he repeatedly put a gun in her mouth and threatened to kill her; he told her to "suck his dick" in front of their three boys; he had sex with her when the children were present; he told the children he would cut her legs off with the machete he kept under the bed; and he tortured their dog and threw their cat out the car window while driving on the freeway. On one occasion, defendant assaulted S.J. within an hour of his release from incarceration. The violence escalated to the point that, as S.J. testified, "I knew . . . if I ever went back, I would probably never be sitting here today." The 19 years of abuse took place in Houston, Texas.

But with the help of N.D., an adult son living in California, S.J. decided to put an end to the abuse and move away. On her first attempt to flee to California, one month earlier, defendant decided to travel with her. Upon arriving at N.D.'s home, defendant assaulted S.J. After S.J. left defendant, brought the children with her to California, and obtained a restraining order, defendant threatened her as he had for 19 years. S.J. testified defendant said, "[T]hat I wasn't going to take his kids from him like that, that he would hurt me . . . ." Also, defendant told S.J. he would "kill her." Defendant also threatened to kill N.D. Defendant left "really threatening" voice messages on N.D.'s cellular telephone. Defendant said that when S.J. got back to Texas, "[S]he was going to go through hell . . . if she survived, if he didn't kill her." S.J. believed defendant would come to California and hurt her. She felt defendant had nothing left to lose. The foregoing constitutes substantial evidence defendant made a criminal threat against S.J. which met the immediacy requirement. A trier of fact could intelligently conclude: it was reasonable for S.J. to fear defendant would follow through on the threats he made from Texas; this conclusion is based on the totality of the circumstances including the long and escalating history of defendant's violence; and S.J.'s fear made sense because of defendant's prior trip to California. Also, the trier of fact could consider the fact that S.J. had left defendant and taken their children with her. (See *People v. Gaut, supra,* 95 Cal.App.4th at p. 1431 [threats made from jail]; *People v. Franz* (2001) 88 Cal.App.4th 1426, 1448–1449 [106 Cal.Rptr.2d 773] [threats made as defendant was being arrested].)

B.–D.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 475.

## III. DISPOSITION

The oral judgment is modified to: award 165 days of presentence custody credit; impose $40 in court security fees pursuant to Penal Code section 1465.8, subdivision (a)(1); and impose a $30 court facilities funding assessment under Government Code section 70373, subdivision (a)(1). The judgment is affirmed in all other respects.

Armstrong, J., and Mosk, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 21, 2010, S177384.