Filed 7/15/13  In re A.G. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | B243841 (Los Angeles County Super. Ct. No. JJ18826) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> A.G., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Donna Quigley Groman, Judge, and Catherine J. Pratt, Juvenile Court Referee. Affirmed.

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria Wilson and Brendan Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The minor A.G. appeals from the juvenile court's order declaring him a ward of the court and directing him into the camp community placement program. His sole contention is the evidence is insufficient to support the finding he made a criminal threat. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Petition*

A petition was filed pursuant to Welfare and Institutions Code section 602 alleging A.G., then 17 years old, made a criminal threat against Celia Torres (Pen. Code, § 422)[1] (count 1), a felony, attempted to dissuade a witness (Torres) from attending or testifying at trial (§ 136.1, subd. (a)(2)) (count 2), a felony, and threatened to use force against a witness (Torres) (§ 140, subd. (a)) (count 3), a felony.

### 2. *The Jurisdiction and Disposition Hearings*

#### a. *The People's evidence*

Until the events underlying this case occurred, Celia Torres and her family and the minor and his family lived in the same housing project in Los Angeles.

In June 2012, a juvenile court sustained a delinquency petition alleging Anthony G., the minor's brother, had burglarized Torres's home in December 2011. Torres testified against Anthony at the jurisdiction hearing. The day before Torres was to testify, her truck was set on fire, and her car windows were broken. She believed these criminal acts were committed by the minor and Anthony.

On July 26, 2012, Torres was alone in her truck, when the minor approached on foot, waited for Torres to get out of the truck and then threatened to kill Torres and her family. He told Torres that she was going to pay. The minor was accompanied at the time by his cousin, Franshay Moore, who left with the minor after he had made the threat. As they walked away, the minor and Moore were laughing and making fun of Torres. Torres felt "very bad, desperate and nervous" upon hearing the threat . She was "very

---

[1] Statutory references are to the Penal Code, unless otherwise indicated.

afraid." Torres believed the minor would carry out his threat, because she knew he was on probation and was in violation of a restraining order. With assistance from the police, Torres and her family moved out of her residence the same day, and apparently away from the housing project.

At the close of the People's evidence, the juvenile court granted the motion of the minor's counsel to dismiss the allegations of attempting to dissuade a witness (count 2) and threatening to use force against a witness (count 3) pursuant to Welfare and Institutions Code section 701.1.

b. *The defense evidence*

The minor did not testify. His cousin, Franshay Moore, testified she was with the minor on July 26, 2012 when they saw Torres, and neither of them spoke to her.

Minerva Ortiz and Diana Rodriguez testified about an earlier verbal and physical altercation involving the minor and Torres. According to Ortiz, on July 21, 2012, Torres and her daughter threatened and struck Ortiz as well as Ortiz's daughters, one of whom was the minor's girlfriend. Rodriguez, a former coworker of the minor, testified the minor held his girlfriend back that day, as Torres and Torres's daughter attempted to hit her. Both Ortiz and Rodriguez recalled that Torres had often used a racially derogatory term when referring to the minor, who is African American.

c. *The juvenile court's findings and disposition order*

The juvenile court found the allegation the minor had made a criminal threat to be true beyond a reasonable doubt, reduced the felony offense to a misdemeanor offense under section 17, subdivision (b), and declared the minor a ward of the court.

At the disposition hearing, before a different bench officer, the minor was ordered into the camp community placement program. The juvenile court calculated the maximum term of physical confinement as four years.

**DISCUSSION**

1. *Standard of Review*

The same standard governs review of the sufficiency of evidence in juvenile cases as in adult criminal cases: "[W]e review the whole record to determine whether any

3

rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt.  [Citation.]  The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]  In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence.  [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.  [Citation.]  We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence.  [Citation.]'  [Citation.]  A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict."  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357; see *In re Matthew A.* (2008) 165 Cal.App.4th 537, 540.)

2.  *Substantial Evidence Supports the Finding the Minor Made a Criminal Threat*

Section 422 provides a criminal threat occurs when a person "willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, . . . is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety."

The minor does not deny telling Torres that he was going to kill her and her family.  However, the minor argues the circumstances in which this statement was made showed no true threat against Torres with the gravity of purpose and an immediate prospect of execution.  He also argues there was insufficient evidence that his threat

4

actually caused Torres to be in sustained fear for her safety or that Torres's fear was reasonable under the circumstances.

>   a. *The minor's threats conveyed a gravity of purpose and immediate prospect of execution*

"'The determination whether a defendant intended his or her words to be taken as a threat, and whether the words were sufficiently unequivocal, unconditional, immediate, and specific that they conveyed to the victim an immediacy of purpose and immediate prospect of execution of the threat can be based on all the surrounding circumstances and not just on words alone. The parties' history can also be considered as one of the relevant circumstances.'" (*People v. Butler* (2000) 85 Cal.App.4th 745, 752; accord, *People v. Gaut* (2002) 95 Cal.App.4th 1425, 1431-1432.)

The minor argues the circumstances in which his statement to Torres was made showed no true threat against her with gravity of purpose and immediate prospect of execution. In this regard, the minor points to the evidence that he was not armed at the time, he did not physically confront Torres in making the statement and he walked away afterwards, laughing and talking with his cousin, Moore. However, section 422 does not require any showing of physical force. A conviction for making a criminal threat in the absence of any display of violence or aggression is entirely proper. (See, e.g., *People v. Mendoza* (1997) 59 Cal.App.4th 1333, 1337-1338 [affirming conviction; defendant told prosecution witness, because she had testified against his brother, he was going to talk to members of the street gang he and his brother belonged to]; *People v. Garrett* (1994) 30 Cal.App.4th 962, 965 [conviction of husband who threatened wife over telephone].)

Significant to comprehending the minor's statement as a true threat is the history of his relationship with Torres. (See *In re Ricky T.* (2001) 87 Cal.App.4th 1132, 1138.) The minor's statement to Torres was made in the context of escalating mutual animosity and violence between them and their respective families. A physical altercation had occurred just five days earlier, involving the minor and Torres. About one month earlier, the minor and his brother had purportedly set fire to Torres's truck and car windows were broken, and the minor's brother was found to have burglarized Torres's home, following

5

her testimony against him. Torres had supposedly verbally attacked the minor. From these circumstances the juvenile court could reasonably conclude the minor's statement indicated a serious and deliberate purpose to harm Torres and her family members. (See *People v. Allen* (1995) 33 Cal.App.4th 1149, 1156 [history of domestic violence between defendant and victim provides meaning for threats]; *People v. Gaut, supra,* 95 Cal.App.4th at pp. 1431-1432 [defendant more likely to follow through on threats because of prior violent history].)

We also reject the minor's claim his threat lacked immediacy. The term "immediate," as used in section 422, means that the degree of seriousness and imminence which is understood by the victim to be attached to the future prospect of the crime being carried out. (*People v. Melhado* (1998) 60 Cal.App.4th 1529, 1538; *People v. Wilson* (2010) 186 Cal.App.4th 789, 807) Section 422 does not envision an immediate ability to carry out the stated threat, but "only that the words used be of an immediately threatening nature and convey 'an immediate prospect of execution.'" (*In re David. L.* (1991) 234 Cal.App.3d 1655, 1660, e.g., *People v. Franz* (2001) 88 Cal.App.4th 1426, 1436 [Defendant's throat-slashing gesture and "shushing noise" to victims in police presence carried requisite degree of immediacy, despite defendant's inability to act on threats at the moment]; *People v. Gaut, supra*, 95 Ca.App.4th at p. 1432 [In custody defendant referred to his pending release date and told victim, "Somebody gon [sic] come see you," satisfied immediacy requirement]; *People v. Wilson, supra*, 186 Cal.App.4th at p. 815 [In custody defendant told correctional officer he would "blast" correctional officer upon his release in 10 months satisfied immediacy requirement].) Here, it was the immediate prospect that the minor would carry out his threat which prompted Torres to have police assist her in moving out of the housing project the same day.

b. *The minor's threat caused Torres reasonably to be in sustained fear*

The minor's assertion that Torres did not suffer sustained fear overlooks Torres's uncontroverted testimony, which was credited by the juvenile court, that she was frightened by the threat and believed the minor would carry out his threat because, in confronting her, the minor was violating a probation condition or restraining order. (See

6

generally *People v. Rincon-Pineda* (1975) 14 Cal.3d 864 [credible testimony of a single complaining witness is sufficient to support verdict].)  The fact Torres had her family move away on the day of the threat supported a rational inference that Torres reasonably suffered sustained fear; it extended beyond "what is momentary, fleeting, or transitory." (*People v. Allen, supra*, 33 Cal.App.4th at p. 1156.)

## DISPOSITION

The order is affirmed.


**WOODS, J.**


**We concur:**


**PERLUSS, P. J.**


**ZELON, J.**

7