Filed 1/11/21  Shin v. Shin CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| SUN HYANG SHIN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HAI-JIN HELENA SHIN,<br><br>    Defendant and Appellant. | B303153<br><br>(Los Angeles County<br>Super. Ct. No. 19STRO06029) |

APPEAL from an order of the Superior Court of Los Angeles County.  Audra Mori, Judge.  Dismissed.

Hai-Jin Helena Shin, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Hai-Jin Helena Shin challenges a restraining order issued to protect appellant's mother, plaintiff and respondent Sun Hyang Shin, from appellant. While this appeal was pending, respondent passed away, rendering this appeal moot. Accordingly, we dismiss appellant's appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Respondent was a resident at Country Villa Wilshire Convalescent Center (the nursing home), a skilled nursing facility for elderly people. On or about August 13, 2019, appellant went to the nursing home with hard food to feed respondent, even though respondent had a problem with swallowing and could only eat soft food. When nursing home staff asked appellant to stop feeding her mother, appellant yelled and screamed at nurses and made threats to staff. She was very disruptive to staff and other residents of the nursing home.

On August 29, 2019, respondent's son filed a petition for a restraining order on behalf of respondent, seeking an order that would restrain appellant "from bring[ing] any hard or regular food to [respondent] any more and . . . from being disruptive to staff and residents of [the nursing home], for example, yelling and screaming at staff and residents." Appellant opposed the request.

A temporary restraining order was issued on August 30, 2019, enjoining appellant from feeding respondent in violation of doctor's orders. Approximately two weeks later, on September 19, 2019, the trial court held a hearing on the request for a permanent restraining order. Appellant did not appear at the hearing. Respondent's son testified that his mother was a resident at the nursing home, that her diet was severely restricted, and that appellant had been trying to feed her solid

2

foods, which was a threat to her health.  Following his testimony, the trial court granted respondent's request for an elder or dependent adult abuse restraining order, issuing a permanent restraining order for a period of five years.  Appellant was ordered not to violate doctor's orders and instructions concerning the feeding of respondent.  Appellant was also ordered not to disturb her mother's peace.

Appellant timely filed a notice of appeal challenging the propriety of the restraining order.

While this appeal was pending, on June 25, 2020, appellant notified us that respondent had passed away.  Because the only issue raised in this appeal is the propriety of the restraining order, on November 12, 2020, we invited the parties to submit letter briefs addressing the question of whether this appeal should be dismissed as moot.

## DISCUSSION

It is well-settled that "'"[a]n appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief.  [Citations.]"'" (*In re J.P.* (2017) 14 Cal.App.5th 616, 623.)  "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot.  [Citation.] However, 'there are three discretionary exceptions to the rules regarding mootness:  (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination [citation].'  [Citation.]" (*Environmental*

3

*Charter High School v. Centinela Valley Union High School* (2004) 122 Cal.App.4th 139, 144.)

Applying these legal principles, we conclude that appellant's appeal is moot.[1] The only issue in this appeal is the propriety of the restraining order issued for the benefit of respondent and against appellant. Although the restraining order may have been for five years, respondent, the protected person, has passed away. It goes without saying that the restraining order is no longer in effect. It is moot, and therefore so is this appeal.

Moreover, none of the exceptions set forth above applies. First, this is not a case of broad public interest; it was a private, family matter. Second, there is no chance of recurrence because respondent passed away. Third, the issuance of the restraining order is the only question presented in this appeal; there are no outstanding material questions for either this court or the trial court to address. It follows that there are no consequences for appellant "in this and future court proceedings." (*In re Cassandra B.* (2004) 125 Cal.App.4th 199, 209.)

---

[1]  Even assuming this appeal was not moot, we briefly note that appellant has not met her burden in demonstrating that the trial court's order is not supported by substantial evidence. (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137.) Respondent's son's testimony supports the issuance of the restraining order. To the extent appellant contends that we should defer to her contradictory evidence, it is well-settled that the appellate court does not reweigh the evidence or evaluate the credibility of witnesses. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 958.)

Trying to squeeze the instant appeal into the third identified exception, appellant contends that the issuance of the restraining order has consequences for a future lawsuit that she intends to file against the nursing home. According to appellant, the nursing home "fraudulently and maliciously instigated" appellant's brother into filing the petition for a restraining order on respondent's behalf. Because the question of whether there was any merit to the nursing home's concerns will be at issue in her anticipated lawsuit against the nursing home, and whether the nursing home committed fraud, appellant claims that we must reach the merits of the instant appeal.

Appellant seems to be making some sort of res judicata and/or collateral estoppel argument. But, the problem for appellant is that she does not adequately explain or flesh out this purported argument, let alone even mention these legal principles. We decline to consider the issues raised in appellant's briefs that are not properly presented or sufficiently developed to be cognizable, and we treat them as waived. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19; *In re David L.* (1991) 234 Cal.App.3d 1655, 1661; *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546; see also *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appellant bears the burden of supporting a point with reasoned argument]; *County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591 [appellant must present argument on each point made].) Appellant's election to act as her own attorney on appeal does not entitle her to any leniency as to the rules of practice and procedure. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Gamet v. Blanchard* (2001) 91 Cal.App.4th

1276, 1284; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

In her letter brief, appellant further argues that the appeal is not moot because it "will continue to exist until its expiration date, unless a party, through a motion to modify or terminate the order of protection, petitions the trial court for its termination on the basis that the death of the protected party makes the restraining order moot." We cannot agree. Appellant directs us to no legal authority to support her novel proposition that when a person protected by a restraining order passes away, someone must move to vacate the restraining order or it will continue until its expiration. (*Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852; *County of Sacramento v. Lackner*, *supra*, 97 Cal.App.3d at p. 591.)

Appellant also argues that the appeal is not moot because the issuance of the restraining order damages her reputation "as it shows up in criminal and civil restraining order background checks by potential employers and apartment landlords, as well as other potentially interested entities or persons." In other words, appellant wants to "clear her reputation." However, appellant neglects to offer any legal authority to support her claim that we can reach the merits of this civil appeal in order to clear her reputation. (See *People v. Delong* (2002) 101 Cal.App.4th 482, 486–490 [clearing one's name can serve as an exception permitting review of a moot appeal in the *criminal* context].)

Finally, appellant offers no evidence to support her contention that the issuance of this restraining order has prejudiced or will prejudice her. Has she applied for a job and been declined because the potential employer learned of this

6

restraining order?  Has she tried to obtain an apartment lease and been declined for the same reason?  Who are the other "potentially interested entities or persons"?  Absent answers, supported by evidence, to these questions, appellant has not overcome her burden in demonstrating that this appeal is not moot.  (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [appellate court is not required to make an independent, unassisted search of the appellate record]; *In re S.C.* (2006) 138 Cal.App.4th 396, 406–407 [appellate court can deem a contention unsupported by a record citation to be without foundation and thus forfeited].)  As set forth above, we decline to consider issues raised in appellant's briefs that are not properly presented or sufficiently developed to be cognizable, and we treat them as waived.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

7