Filed 3/28/24  P. v. Morales CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B330561 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA509579 |
| FRANK MORALES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Affirmed.

James R. Bostwick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, and John Yang, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Frank Morales told store employees "I'm going to get a pistol and come back." In context, these words sufficed to support his probation revocation because they put enough fear into one of the employees to count as a criminal threat. We affirm. Statutory citations are to the Penal Code.

Morales pleaded no contest to assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) and was on probation for two years with a suspended term of three years.

After about a month on probation, Morales entered a CVS store. He seemed to be drunk. The store had a restraining order against him. When Morales tried to buy liquor, employee Sergio Lozano told Morales the store was not allowed to sell him liquor.

Morales told Lozano, "Mother fucker, just tell [the cashier] to sell it to me."

Morales again asked to buy the liquor. The cashier did not remember his exact phrasing "but it was not that nice." Morales used "bad words."

"And he started getting louder and just arguing more, so I asked him to go[,] . . . to leave the store." "As soon as we said, 'no,' [Morales] just became more and more aggressive and very loud in the store."

Lozano told Morales, "You know, we can't sell it to you."

Morales pointed at Lozano, and said, "You're next. You're next. You're next. You're next, you mother fucker."

Morales did not look angry; "he just looked very serious."

The cashier took these words as a threat.

A security guard asked Morales to go outside.

Outside, Morales told the guard he was going to come back with a pistol.

The guard told Lozano that Morales said he would return with a gun.

Lozano testified he was "concerned" that Morales said he would return with a gun. The guard, however, was not afraid.

The court found Morales violated probation and imposed the suspended three-year sentence.

A court may revoke and terminate a person's supervision if the court has reason to believe that person later committed other offenses. (§ 1203.2, subd. (a).) The standard of proof is preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 447.) We review probation revocation decisions for substantial evidence. (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

The relevant crime is section 422: "Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, . . . is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety . . . , shall be punished. . . ." (See *People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 809 [elements of crime].)

Our deferential review reveals support for the court's ruling.

A person tried to buy alcohol and became loud, aggressive, and abusive when rebuffed. He told an employee "You're next,"

3

and then said he would return with a gun.  This statement was of concern to a store employee on the scene.  These facts justified this probation revocation.

Morales's appellate counsel objects to this conclusion on two concise grounds.

First, Morales claims the statement that he was "going to get a pistol and come back"  did not constitute a "true threat." The reasonable interpretation of these words in context, however, was that an aggressive and abusive man was promising to return with a firearm and to use it.  This is evidence of a true threat. (See, e.g., *In re A.G.* (2020) 58 Cal.App.5th 647, 655 ["a reasonable trier of fact could conclude that A.G.'s post was a willful threat to kill or cause great bodily injury because it suggested he was going to bring the gun to school and harm people with it"].)

An indirect threat can be a criminal threat.  (E.g., *In re David L.* (1991) 234 Cal.App.3d 1655, 1658–1660.)  The reasonable inference is that one store employee will tell the others about a threat of this kind.

Second, Morales argues his words did not put any alleged victim in sustained fear.  Lozano, however, testified he was "concerned" that Morales said he would return with a gun.  In reply, Morales argues being "concerned" is not enough, for "one can be 'concerned' that it may rain and ruin one's shirt on the walk home from the grocery store."  In context, however, the reasonable interpretation of Lozano's "concern" was that Morales would return with a gun and use it to damaging effect.  (Cf. *People v. Fierro* (2010) 180 Cal.App.4th 1342, 1349 [one minute of fear can be enough where the threat is serious and involves a gun].)

## DISPOSITION

The order is affirmed.


WILEY, J.


We concur:


STRATTON, P. J.


GRIMES, J.