Filed 3/22/21  P. v. Lewis CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075066 |
| v. | (Super.Ct.No. FRE03786) |
| LORAN L. LEWIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Robert F. Somers, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew S. Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Loran L. Lewis appeals from an order denying his petition under Penal Code**[1]** section 1170.18 to reclassify his felony convictions for unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) to misdemeanors under the Safe Neighborhoods and Schools Act (Prop. 47). He argues reversal is required because he was not present at the hearing on his petition, there is insufficient evidence to support the trial court's decision, the court erred in relying on defense counsel's stipulation regarding value, and defense counsel was ineffective due to stipulating that the value of the one of the vehicles exceeded $950. We affirm.

## I. PROCEDURAL AND FACTUAL BACKGROUND

We take our statement of facts from the record in a related action (*People v. Lewis* (July 23, 2015, E060430 [nonpub. opn.] (*Lewis II*)), including the nonpublished opinion filed July 23, 2015, of which we took judicial notice on September 23, 2020. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *People v. Allison* (2020) 55 Cal.App.5th 449, 454 & fn. 3.)

"[On November 7,] 1999, defendant and a companion, Tyrone Murphy, stole a van [(the Astro van)] from a parking lot, and later abandoned it; the two men then stole a sport utility vehicle (SUV) from the driveway in front of an occupied residence in Redlands. Redlands police officers . . . were in their patrol car when they received a dispatch notification about the stolen SUV. They spotted the SUV and began to follow it. Defendant, who was driving the SUV, drove erratically, running through stop signs, and

---

**[1]** Further statutory references are to the Penal Code unless otherwise indicated.

2

swerving into oncoming traffic lanes to get around other vehicles. The officers turned on their lights and siren, and pursued the SUV. [¶] Defendant failed to yield to the pursuing police car and soon drove onto the freeway. Once on the freeway, defendant crossed several lanes of traffic without signaling. The officers positioned their patrol car behind defendant; he responded by swerving abruptly to an off ramp, . . . [which] led to a transition road that intersected Alabama Street[, and he] . . . drove the SUV through the Alabama Street intersection at approximately 78 miles per hour against a red light. Defendant collided with . . . a small passenger sedan. The force of the impact propelled the sedan sideways causing it to glance off a guardrail and spin for a distance of 149 feet before coming to rest. The occupants of the sedan . . . were killed instantly. . . . [¶] After the collision, defendant and Murphy fled on foot[, but] were apprehended a short distance away." (*Lewis II*, *supra*, E060430.)

In 2001, a jury convicted defendant of two counts of murder (Pen. Code, § 187, subd. (a)), one count of driving with willful and wanton disregard for the safety of persons and property to evade a police officer (Veh. Code, § 2800.2, subd. (a)), and two counts of unlawful taking and driving a vehicle (Veh. Code, § 10851, subd. (a)). The trial court found that he suffered two prior strike convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and sentenced him to 140 years to life. We affirmed the judgment in its entirety. (*Lewis II*, *supra*, E060430.)

Following the California Supreme Court's holding in *People v. Howard* (2005) 34 Cal.4th 1129, that a violation of Vehicle Code section 2800.2, subdivision (a), is not a proper basis for a felony-murder conviction, we recalled the remittitur and issued our

3

decision in *People v. Lewis* (2006) 139 Cal.App.4th 874 (*Lewis I*). We affirmed defendant's convictions for evading a police officer and the two counts of unlawfully taking and driving of a vehicle, but we reversed the convictions on the two murder counts. Defendant remained subject to a three strikes sentence of 25 years to life on the remaining felony convictions. (*Lewis II*, *supra*, E060430.) Subsequently, new charges were filed, and defendant pled guilty to two counts of voluntary manslaughter, with an agreed sentence of three years, concurrent, on each count. Defendant was sentenced to 53 years to life. (*Ibid.*)

In 2012, the three strikes law was amended to provide in part that persons sentenced as third strikers for offenses that were not themselves serious or violent felonies could petition for resentencing as second strikers. Defendant filed such a petition, pursuant to section 1170.126, arguing that since the two murder counts were reversed and dismissed, and the only remaining counts in his original case were nonserious, nonviolent felonies (evading a police officer & unlawfully taking and driving a motor vehicle), he was eligible for resentencing on those offenses as if he were a second striker. We agreed and remanded the matter for further proceedings. (*Lewis II*, *supra*, E060430.) On remand, the trial court found defendant to be ineligible for resentencing.

On November 4, 2019, defendant filed a petition for resentencing pursuant to section 1170.18, requesting that his two convictions for vehicle theft be reclassified as misdemeanors. He was not present at the eligibility hearing conducted on February 28, 2020, but he was represented by counsel. The prosecutor provided defense counsel and

4

the trial court with a "CHP-180s on both of the cars."[2] One CHP-180 form valued the SUV at $7,000 in 1999, and the other form "list[ed] an Astro van with no value." However, the prosecutor represented that defense counsel "is going to stipulate that it was over $950 at that time." Defense counsel replied: "To clarify the record, this case happened in 1999. The Suburban in question is a 1986 Chevy Suburban that was listed on the CHP-180, as well as a 1986 Chevy Astro van." She agreed with the representations regarding the contents of the CHP-180 forms, and she explained the delay in proceeding on the petition was due to the fact that her office had no discovery because they had not represented the codefendant. She stated: "The original attorney didn't have [the file], which is why we all waited for, maybe, the D.A. to file this report. They finally found it and provided it today. I know [defendant has expressed his] unhappiness how things were dragging out, but for the record, that is why. We did not have any discovery. As far as the value of the cars being over $950, I will stipulate."

The trial court denied defendant's petition, stating: "It does appear, with regard to the two counts of Vehicle Code Section 10851, that are the subject of [defendant's]

_____

[2] "*A CHP 180 form must 'be completed for every vehicle which is stored or impounded.'* The officer must sign the completed . . . form prior to releasing the vehicle to the tow operator and require the tow operator to sign the . . . form. Additionally, the officer must provide the yellow copy of the signed . . . form to the tow operator and the original is retained at the local CHP office. *The copy given to the tow operator includes, but is not limited to, the following information*: vehicle identification number; driver license number(s); registered owner(s) and legal owner(s) and their address(es); the statutory towing authority; *a checklist pertaining to the vehicle's condition*; a short narrative indicating the reason for the tow along with other pertinent information; a list of items inventoried inside the vehicle if applicable; and *notes pertaining to the release conditions of the vehicle if applicable*." (*State of California v. Superior Court* (*Flynn*) (2016) 4 Cal.App.5th 94, 97, italics added.)

Prop. 47 petition, . . . that *the value of each of the vehicles at the time of the incident* was more than $950.00." (Italics added.)

## II. DISCUSSION

### A. *Defendant's Right to be Present During the Eligibility Proceeding.*

Defendant contends he was deprived of his constitutional right to be present during the eligibility proceedings. As we explain, we reject his contention.

Citing *People v. Simms* (2018) 23 Cal.App.5th 987, 996-997 (*Simms*), defendant argues he has a constitutional right to be present at a section 1170.18 hearing where the trial court "must make a factual finding, which includes resolving disputed facts and deciding whether the petition fails because the value of the stolen property exceeds $950." In *Simms*, the defendant stole money from the cash register of a tire store. (*Simms*, at p. 991.) There was conflicting testimony regarding the amount of money taken; however, he pled guilty to, inter alia, grand theft from the person (§ 487, subd. (c)). (*Id*. at pp. 991-992.) Following his conviction and sentence, Simms filed a section 1170.18 petition; he waived his right to be present at the hearing if the prosecution did not object and the trial court was willing to grant the relief requested. (*Simms*, at p. 992.) In his absence, the court conducted the hearing and refused to reduce the grand theft conviction to a misdemeanor. (*Ibid*.)

On appeal, Simms challenged the trial court's ruling on the grounds he was denied his right to be present. (*Simms*, *supra*, 23 Cal.App.5th at p. 996.) In addressing this issue, the *Simms* court recognized that a contested Proposition 47 eligibility hearing is a "'type of sentencing proceeding'" (*Simms*, at p. 994) and acknowledged a criminal

defendant's right to be personally present at sentencing and resentencing proceedings; however, it noted that this right is "subject to recognized limitations." (*Simms*, at p. 996.) The *Simms* court cited *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 109: "'[I]t is well established,' for example, that there is no such 'constitutional or statutory right to be present to address purely legal questions or where [the defendant's] "presence would not contribute to the fairness of the proceeding."'" (*Simms*, at p. 996.) Because the issue raised in the defendant's petition involved a factual contest—the amount of cash Simms took from the register—the court found that his presence would ""'contribute to the fairness of the proceeding."'" (*Simms*, at p. 996; see *id*. at p. 998 ["[I]n this case the eligibility issue turned on disputed issues of fact about which Simms—as a participant in the events in question—may well have had something to say. The trial court may, or may not, have chosen to believe what Simms might have said, if he said anything, but we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome."].) The same may not be said in this case.

Here, the issue involved the value of the vehicles for which defendant was convicted of taking, namely, the SUV and the Astro van. According to the CHP-180 forms, the SUV was valued at $7,000, but there was no value assigned to the Astro van. Nonetheless, defense counsel reviewed each CHP-180 form (which also included the condition of the vehicle) and stipulated to the value being greater than $950. (See *People v. Palmer* (2013) 58 Cal.4th 110, 118 [Defense counsel has "broad authority to stipulate to factual and procedural matters on his client's behalf."].) Also, the trial court reviewed the CHP-180 forms and concluded "that *the value of each of the vehicles at the time of*

7

*the incident* was more than $950.00." (Italics added.) While defendant argues he could have testified or provided other evidence that indicated one or both cars did not exceed $950, such as evidence of the condition of each vehicle, or the court may have found him to be an expert in car valuation, there is nothing in his petition to suggest he was in the possession of any evidence that would have refuted the information on the CHP-180 forms or demonstrated the value of either vehicle to be less than $950. (See *post*, section II.B.) Because defendant's presence would not have contributed to the fairness of the proceeding, it was not required.

   *B. Sufficiency of the Evidence.*

   Defendant contends there is insufficient evidence to support the trial court's decision to deny his petition as to the Astro van because no evidence proved its value exceeded $950. We disagree.

   "In pre-Proposition 47 cases, where the defendant seeks resentencing or redesignation under Penal Code section 1170.18, the defendant bears the burden of proof to show the relevant facts . . . ." (*People v. Bullard* (2020) 9 Cal.5th 94, 110.) To uphold a trial court's finding that the evidence failed to establish the vehicle's value exceeded $950, substantial evidence in support of that conclusion must be present in the record. "We review a trial court's findings of fact for substantial evidence. [Citation.] Substantial evidence is 'evidence which is reasonable, credible, and of solid value.' [Citation.] Put another way, '"[s]ubstantial evidence' means that evidence which, when viewed in light of the entire record, is of solid probative value, maintains its credibility

and inspires confidence that the ultimate fact it addresses has been justly determined.""'"
(*People v. Zorich* (2020) 55 Cal.App.5th 881, 886 (*Zorich*).)

"Courts that have addressed this issue have acknowledged the fundamental difficulty a defendant faces when eligibility for Proposition 47 relief depends on establishing the value of property stolen decades ago. 'In any new petition, defendant should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief.' [Citations.] That evidence may include probative evidence not included in the original trial court record. [Citation.] Further, the evidence available, even outside the court record, may be limited. [Citation.] Evidence the court may consider can include 'a statement of personally known facts necessary to eligibility.' [Citation.] Taken together, the cases stand for the proposition that the evidence a defendant must present to meet the preponderance of the evidence standard may be cobbled together from whatever is available, based on the facts of the underlying case." (*Zorich*, *supra*, 55 Cal.App.5th at p. 887.)

This case concerns a vehicle that was taken (for a short period of time) more than 20 years ago, when defendant was in his early 20's. (*Lewis II*, *supra*, E060430.) His petition did not describe the vehicle, nor did defendant attach any evidence to establish its value. In fact, defense counsel was unable to locate the defense file containing any information on the vehicle, and she had to wait for the prosecution to provide her with the

9

CHP-180 forms regarding the theft.[3] Once she reviewed that information, she stipulated the value of the Astro van exceeded $950.[4] The stipulation, along with the CHP-180 forms (which was also reviewed by the trial court), provided substantial evidence to support the court's denial of the petition.

Nonetheless, defendant argues the trial court's reliance on the stipulation to value the Astro was improper. He cites *In re Elizabeth M.* (2008) 158 Cal.App.4th 1551 (*Elizabeth M.*). In that case, the juvenile court reduced a father's visitation based on a stipulation that covered several issues including visitation. (*Id*. at pp. 1555-1556.) All counsel (including father's) signed the first page of the stipulation. But, the proposed order regarding father's visitation was contained on the fourth page, made by handwritten interlineations in differing handwriting, and was not initialed by any of the parties or their counsel. (*Id*. at p. 1555.) The court adopted the provisions in the stipulation but never discussed visitation. (*Id*. at p. 1556.) The Court of Appeal reversed the order reducing visitation on the grounds it was based on "the rather suspect 'stipulation,' which was

---

[3] Because defendant conveyed his "unhappiness how things were dragging out," defense counsel explained the delay was due to her inability to obtain the necessary evidence. If defendant was in possession of any evidence concerning the value of the Astro van because he had driven it and was aware of its "condition in 1999," he failed to provide such evidence to his attorney.

[4] According to defendant, defense counsel's stipulation was that the value of the cars exceeded $950. He therefore argues that because she never stipulated to the value of each car, she never stipulated that the value of the Astro exceeded $950. We disagree. The record shows that defense counsel was aware that one CHP-180 form identified the value of the SUV to be $7,000, but the other form failed to state a value for the Astro van. Although she stipulated to "the value of the cars being over $950," the trial court clarified that it "appears that the value of *each* of the vehicles at the time of the incident was more than $950.00." (Italics added.)

10

altered without explanation and under circumstances no one seems able to explain." (*Id.* at p. 1557.) The court also noted that the order was "both made without notice, and unsupported by any evidence." (*Id.* at p. 1559.) Here, no such irregularities were present in defense counsel's stipulation that the Astro van was worth more than $950. While the record on appeal fails to include the CHP-180 forms, we note that the trial court reviewed them prior to accepting defense counsel's stipulation, and there is no evidence or suggestion that they were procured by fraud.

### C. The Trial Court's Reliance on Defense Counsel's Stipulation.

Defendant contends the trial court erred in relying on defense counsel's stipulation regarding the value of the Astro van because counsel never stipulated to the value of each car, and there was no evidence that the value of the Astro exceeded $950. We disagree. Regarding the stipulation that the value of the cars exceeded $950, counsel's statement before the trial court must be considered and interpreted based on the entire context of her comments. As we stated *ante*, footnote 2, the trial court clarified any possible confusion or misinterpretation when it indicated that "the value of *each* of the vehicles at the time of the incident was more than $950.00." (Italics added.) As for defendant's claim that the court lacked evidence of the value of the Astro van, the record indicates the relevant CHP-180 form was available to both counsel and the court. Only after reviewing those forms did the trial court state: "It does appear, with regard to the two counts of Vehicle Code Section 10851, that are subject of [defendant's] Prop. 47 petition, . . . that *the value of each of the vehicles at the time of the incident* was more than $950.00." (Italics added.)

11

### D. Effectiveness of Trial Counsel.

Finally, defendant argues his counsel was ineffective by stipulating that the value of the Astro van exceeded $950.

"To establish ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and counsel's deficient performance was prejudicial, that is, there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Sepulveda* (2020) 47 Cal.App.5th 291, 301.)

"On direct appeal, if the record '"sheds no light on why counsel acted or failed to act in the manner challenged,"' we must reject the claim '"unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation."'" (*People v. Caro* (2019) 7 Cal.5th 463, 488; accord, *People v. Mickel* (2016) 2 Cal.5th 181, 198 ["[A] reviewing court will reverse a conviction based on ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had ""no rational tactical purpose"" for an action or omission."].) For that reason, "except in those rare instances where there is no conceivable tactical purpose for counsel's actions, claims of ineffective assistance of counsel should be raised on habeas corpus, not on direct appeal." (*People v. Lopez* (2008) 42 Cal.4th 960, 972; see *People v. Avena* (1996) 13 Cal.4th 394, 419 ["'Where the record does not illuminate the basis for the challenged acts or omissions, a claim of ineffective assistance is more appropriately made in a petition for habeas corpus.'" (Italics omitted.)].)

Here, because the record on appeal fails to include the CHP-180 forms, and defendant fails to show "affirmative evidence that counsel could have had 'no rational tactical purpose'" for stipulating to the value of the Astro van, we have no basis on which to determine whether defense counsel's stipulation was objectively unreasonable. (*People v. Mickel*, *supra*, 2 Cal.5th at p. 200; see *id*. at p. 198.) Accordingly, this is not a matter we can resolve on direct appeal. (See *People v. Ladd* (1982) 129 Cal.App.3d 257, 263 ["Unless we assume that error was committed where none appears, we can find no possible prejudice to defendant in the stipulation and consequently no basis for a claim of inadequate assistance of counsel."].)

Nothing in this opinion should be construed as commenting on the merit of a potential petition for writ of habeas corpus.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.



CODRINGTON
J.

13