Filed 10/27/21  P. v. Spencer CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

DONALD CURTIS SPENCER,

      Defendant and Appellant.

E073749

(Super. Ct. No. ICR8971)

OPINION

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.  Affirmed.

Law Offices of J. David Nick and J. David Nick, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

In 1987, defendant and appellant Donald Curtis Spencer was convicted of first degree murder on a felony-murder theory. This court affirmed the conviction in 1987. In 2020, defendant filed a petition under Penal Code section 1170.95[1] for resentencing. The trial court denied the petition without issuing an order to show cause (OSC) or holding an evidentiary hearing.

On appeal, defendant argues the trial court prejudicially erred in doing so and that we should remand the case for an evidentiary hearing. We agree that the trial court erred, but conclude defendant invited the error. We also conclude defendant forfeited or waived any argument that the trial court erroneously denied the petition on the merits because he failed to adequately address the issue in his opening brief. We therefore affirm the trial court's order denying defendant's section 1170.95 petition.

II.

FACTUAL AND PROCEDURAL BACKGROUND[2]

For about two weeks in October 1984 [defendant] and his four friends Jose Tapia, Larry Marquez, Ray Taboada and Geronimo Cantu planned to rob a restaurant where Geronimo Cantu's brother, Juan Cantu, worked in Cathedral City. Tapia learned

---

[1] All further statutory references are to the Penal Code.

[2] The following undisputed facts about defendant's offense are drawn from this court's opinion affirming his conviction and sentence. (See *People v. Spencer* (Mar. 17, 1987, E002609) [nonpub. opn.].)

2

additional details of the restaurant's operation from Armando "Carlos" Gaspar, a second restaurant employee. One evening [defendant] and Tapia drove by and studied the robbery scene. The next night, October 26, 1984, the five friends completed discussion of their plans at Geronimo Cantu's house.

The five took a .22 rifle with them, got into a truck, and drove to the restaurant. When they arrived [defendant], Taboada and Tapia left the truck and took the rifle. They hid and then waited behind the desert side of a block wall that separated the restaurant parking lot from the vacant desert.

Uri Gabriel owned and worked at the restaurant, which closed at 9:00 p.m. Sometime after 10:00 p.m. Gabriel left the restaurant and carried an attaché case containing the night's receipts, between $950 and $980. He was accompanied by his employees, Juan Cantu and Gaspar, but the three separated to go to different trucks.

Taboada held the rifle. At [defendant]'s command Taboada put the rifle over the wall, pointing it at Gabriel. [Defendant] jumped up, covered his face, and demanded either "give me your money," or "stick 'em up.'" At about the same moment Juan Cantu saw the rifle and yelled a warning to Gabriel. Gabriel cursed the gunmen and refused to surrender his attaché case. He swung the case (or perhaps some ice trays he was carrying) towards the gunmen. Taboada fired the rifle, striking Gabriel in the chest. After the shooting the gunmen all fled from the scene in their truck.

Gabriel bled heavily from the mouth.  He staggered to his employees' truck, and then dropped both the attaché case and the ice trays.  Gaspar helped Gabriel into the truck and then Juan Cantu drove the three away to get help.  Within a short distance Gaspar got out of the truck and Cantu drove on to summon an ambulance at a nearby convenience store.  Gabriel died from the single bullet wound through his heart.

A jury convicted defendant of first degree murder (§ 187, subd. (a)) and robbery (count 2; § 211.)  As to both counts, the jury found that defendant was a principal in the offense and that another principal personally used a firearm within the meaning of section 12022, subdivision (a).  The trial court sentenced defendant to an indeterminate total term of 26 years to life.

In January 2020, defendant, proceeding in pro. per., filed a petition under section 1170.95 in which he checked off all of the boxes that would entitle him to relief.  The People opposed the petition, and urged the trial court to deny it without issuing an OSC because defendant was not entitled to relief in that he was a major participant who acted with reckless indifference to human life.  Defendant then retained counsel, who filed a reply on his behalf.

At the hearing on the petition, the trial court stated its view that "there can't really be any dispute of the facts at this point, at least we're not here on an evidentiary hearing that would dispute any of the facts that have already been found."  The trial court explained that, based on its review of this court's opinion affirming defendant's conviction and sentence (see *People v. Spencer*, *supra*, E002609), defendant was a major

4

participant and acted with reckless indifference to human life. Defense counsel disagreed, arguing that the undisputed facts, as outlined in this court's previous opinion, showed that defendant was not a major participant and did not act with reckless indifference to human life. At no point during the hearing did defense counsel argue that the trial court was required to issue an OSC or hold an evidentiary hearing on defendant's petition before ruling on it.

At the conclusion of the hearing on defendant's petition, the trial court found that defendant was a major participant who acted with reckless indifference to human life and denied defendant's petition. Defense counsel submitted. Defendant timely appealed.

III.

DISCUSSION

Defendant argues the trial court prejudicially erred by denying his section 1170.95 petition without issuing an OSC and in failing to hold an evidentiary hearing. The People argue that, even if the trial court erred in failing to hold the evidentiary hearing, defendant invited the error. We agree.

Briefly summarized, Senate Bill No. 1437 became law in 2019 and provides, among other things, that a defendant who was convicted of first degree murder under a felony-murder theory before Senate Bill No. 1437 went into effect, like defendant here, is no longer liable for the offense unless he or she was a "major participant" who acted with "reckless indifference for human life" when committing the offense. (See *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147.) Senate Bill No. 1437 also enacted section

5

1170.95, which provides that a defendant convicted of first degree murder under a now-invalid felony-murder theory before Senate Bill No. 1437 was enacted may petition to have his or her first degree murder conviction vacated. (*People v. Anthony*, *supra*, at p. 1147.)

Section 1170.95 creates three stages of review of a petition for resentencing. (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962 (*Lewis*).) The defendant must file a petition in the sentencing court setting forth his or her eligibility under the section, including that (1) he or she was prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine and (2) was convicted of first or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first or second degree murder, but could not be convicted of first or second degree murder following Senate Bill No. 1437's changes to section 188 or 189. (§ 1170.95, subds. (a)(1)-(3), (b)(1)(A).) A petition for relief under section 1170.95 must include a declaration from the petitioner that he or she is eligible for relief under section 1170.95 based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1170.95, subd. (b)(1).) At the first stage of review, the trial court must determine whether the petition is facially sufficient in that it complies with section 1170.95, subdivision (b)'s three requirements. (*Lewis*, *supra*, at pp. 960-962.)

"Where the petition complies with subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief." (*Lewis*, *supra*, 11 Cal.5th at p. 960.) "'"[T]he court takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'" (*Id*. at p. 971.) The trial court does not engage in factfinding, weigh the evidence, or make credibility determinations. (*Id*. at pp. 971-972.) This is the second stage of review under section 1170.95.

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' [Citation.] . . . At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.]" (*Lewis*, *supra*, 11 Cal.5th at p. 960.) This is the third stage of review under section 1170.95.

In its opposition to defendant's section 1170.95 petition, the People argued that defendant's "petition should be dismissed or denied, and no [OSC] should issue" because defendant is not entitled to relief under section 1170.95 as a matter of law. In defendant's

7

reply to the People's opposition and at the hearing on the petition, defense counsel did not argue that the trial court had to issue an OSC or hold an evidentiary hearing before ruling on the petition. In the conclusion in his reply brief, defense counsel argued: "The matter here instead appears to be one wherein *the facts are not contested* and merely the application of the law to the facts (those in the Court of Appeal's opinion) remains to be done. . . . [T]he evidence as a matter of law is not sufficient to show [defendant] was a major participant and acted with reckless indifference. *There being no additional facts to consider this court should grant the petition*." (Italics added.)

Defendant therefore explicitly argued in the trial court there was nothing the trial court had to consider to decide his section 1170.95 petition beyond the petition and this court's prior opinion. At no point in his reply or during the hearing on his petition did defendant argue that an OSC or evidentiary hearing was necessary before the trial court could rule on the petition. Instead, defendant explicitly stated in his reply that the trial court could—and should—rule on his petition without anything further because "the facts are not contested" and there were "no additional facts to consider," so "application of the law to the facts" was all that "remain[ed] to be done." Counsel's position remained the same at the hearing on defendant's petition.

The trial court therefore ruled on the petition without issuing an OSC or holding an evidentiary hearing. Even if this was error under *Lewis*, which was decided while this appeal was pending, defendant invited the error. (See *Lewis*, *supra*, 11 Cal.5th at p. 960 [trial court must issue OSC and hold evidentiary hearing if petitioner makes prima facie showing of entitlement to relief].)

"'The doctrine of invited error is designed to prevent an accused from gaining a reversal on appeal because of an error made by the trial court at his behest.'" (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49.) Thus, "[a] party forfeits his or her right to attack error by implicitly agreeing or acquiescing at trial to the procedure objected to on appeal. [Citation.] A party who requests the court to act as it did has invited error. [Citation.]" (*People v. Reynolds* (2010) 181 Cal.App.4th 1402, 1408.)

Because defendant told the trial court it should rule on his section 1170.95 petition without issuing an OSC or holding an evidentiary hearing, the trial court's failure to do so was, if anything, an invited error on his part. (*People v. Reynolds*, *supra*, 181 Cal.App.4th at p. 1408.) He is therefore estopped from arguing the trial court erroneously denied his petition without issuing an OSC or holding an evidentiary hearing because that is precisely what he asked the court to do. (See *In re Jamie R.* (2001) 90 Cal.App.4th 766, 772.) Defendant "may not now complain that the court did exactly what he insisted upon." (*People v. Cooper* (1991) 53 Cal.3d 771, 827.)

In any event, the trial court's failure to issue an OSC and hold an evidentiary hearing was harmless. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) It is not reasonably probable that defendant would have obtained a more favorable result had the trial court issued an OSC and held an evidentiary hearing. (See *ibid.* [errors in section 1170.95 proceedings reviewed for prejudice under *People v. Watson* (1956) 46 Cal.2d 818.].) Again, defendant's counsel told the trial court that the facts were uncontested, there was no new evidence to consider, and the trial court could resolve defendant's petition simply by applying to the law to the undisputed facts in this court's prior opinion. So if the trial court issued an OSC and held an evidentiary hearing where, according to defense counsel, the court would only have to reconsider this court's prior opinion, the court would have denied defendant's petition for the same reasons. As the trial court explained at the hearing, the court found defendant was not entitled to relief under section 1170.95 based on the undisputed facts as stated in this court's prior opinion. We therefore conclude that any error in the trial court's failure to issue an OSC and hold an evidentiary hearing was harmless.

In his appellant's reply brief, defendant argues the People failed to respond in their respondent's brief to his "alternative argument" that the facts of defendant's offense as stated in this court's prior opinion were insufficient to find that he was a major participant who acted with reckless indifference to human life. Defendant then provides about ten pages of discussion in support of the argument.

10

Defendant, however, does not point to where he allegedly made that argument in his opening brief. The only heading under the argument section in defendant's opening brief states that the trial court erred in failing to hold an evidentiary hearing before ruling on his petition. Throughout the argument section of his opening brief, defendant focuses on this alleged procedural error without any meaningful discussion as to why the trial court erroneously denied his petition on the merits.

Defendant touches on the issue only in passing in his opening brief. He argues, without further explanation, that "[t]he application of the holding of *In re Ramirez* (2019) 32 Cal.App.5th 384 should result in this Court also finding that the facts selected by the trial court (from this Court's opinion affirming [his] conviction) are not sufficient to show [he] acted with reckless indifference." (Fn. omitted.) Defendant then returns to his argument that the trial court "was prohibited from making that determination" without holding an evidentiary hearing because—contrary to what he told the trial court—additional evidence was necessary. Defendant concludes the argument section of his opening brief by stating that the trial court should not have ruled on his petition without considering additional evidence that he intended to submit.

To the extent defendant argues the trial court erred in denying his section 1170.95 petition because he was not a major participant who acted with reckless indifference to human life, he forfeited or waived the argument. Each argument in an appellate brief must be stated under separate headings and must be supported by reasoned argument or we may deem it forfeited. (Cal. Rules of Court, rule 8.204, subd. (a)(1)(B); *Heavenly*

11

*Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1346.) As noted, the only heading in defendant's opening brief relates to his argument that the trial court erred by not holding an evidentiary hearing. "Arguments not raised by a separate heading in an opening brief will be deemed waived." (*Winslett v. 1811 27th Avenue, LLC* (2018) 26 Cal.App.5th 239, 248 fn. 6.; accord, *People v. Ladd* (1982) 129 Cal.App.3d 257, 262 [defendant waived argument "without separate identification by subheading or otherwise" that was "buried in the middle" of another argument]; *People v. Lombardo* (2020) 54 Cal.App.5th 553, 565 fn. 6 [declining to address argument "because it was not stated under a separate heading or subheading"]; *People v. McElroy* (2005) 126 Cal.App.4th 874, 884 fn. 3 [same].)

Moreover, defendant provided only a perfunctory, one-line argument on the issue by citing *In re Ramirez*, *supra*, 32 Cal.App.5th 384 without any meaningful analysis of that case or why it supports his argument that he did not act with reckless indifference to human life. Defendant therefore forfeited any argument the trial court erroneously found he was a major participant who acted with reckless indifference to human life. (See *People v. Turner* (1994) 8 Cal.4th 137, 214 fn. 19 ["We discuss those arguments that are sufficiently developed to be cognizable. To the extent defendant perfunctorily asserts other claims, without development and, indeed, without a clear indication that they are intended to be discrete contentions, they are not properly made, and are rejected on that basis."].)

Defendant's extensive discussion in his reply brief in the trial court and his appellant's reply brief as to why he was not a major participant who acted with reckless indifference to human life shows that he could have made the argument in his opening brief. His failure to do so means he forfeited the argument, and his arguments on the issue raised for the first time in his appellant's reply brief are waived.[3] (*People v. Harper* (2000) 82 Cal.App.4th 1413, 1419 fn. 4; *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9 [ineffective assistance of counsel argument raised for the first time in the reply brief waived].)

Because defendant invited the only error sufficiently raised in his opening brief— that the trial court erred by ruling on his section 1170.95 petition without issuing an OSC and holding an evidentiary hearing—we affirm the trial court's order denying his section 1170.95 petition. (See *People v. Davis* (1996) 50 Cal.App.4th 168, 172 ["[A] trial court's order/judgment is presumed to be correct . . . and the appealing party must affirmatively demonstrate error on the face of the record."]; *People v. Reynolds*, *supra*, 181

---

[3] The three cases defendant cites in his supplemental letter brief that were decided after briefing was completed in this case do not alter our analysis. They do not concern whether the defendant invited the trial court's asserted error in denying a section 1170.95 petition. (See *People v. Law* (2020) 48 Cal.App.5th 811, 818-819 [holding trial court did not prejudicially err in summarily denying section 1170.95 petition before appointing counsel], rev. granted July 8, 2020, S262490; *People v. Bucio* (2020) 48 Cal.App.5th 300 [holding trial court erred in finding Senate Bill No. 1437 unconstitutional and by denying section 1170.95 petition where jury found robbery-murder special circumstance not true]; *People v. Smith* (2020) 49 Cal.App.5th 85 [holding trial court erred in finding Senate Bill No. 1437 unconstitutional and summarily denying section 1170.95 petition without appointing counsel or allowing defendant to submit additional evidence].)

Cal.App.4th at p. 1408 ["A party forfeits his or her right to attack error by implicitly agreeing or acquiescing at trial to the procedure objected to on appeal."].)

IV.

DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.