Filed 6/6/23  Lalonne v. NewRez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| JULIET LALONNE, Plaintiff and Appellant, v. NEWREZ LLC et al., Defendants and Respondents. | B312976 (Los Angeles County Super. Ct. No. BC707310) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert B. Broadbelt III, Judge.  Affirmed.

Juliet Lalonne, in pro. per., for Plaintiff and Appellant.

Klinedinst, Ian A. Rambarran and Robert M. Shaughnessy for Defendants and Respondents.

_____

In a rambling and largely unintelligible brief, plaintiff and appellant Juliet Lalonne purports to appeal from a judgment of dismissal entered against her and in favor of defendants and respondents New Penn Financial, LLC (now NewRez, LLC, dba Shellpoint Mortgage Servicing), Federal Home Loan Mortgage Corporation, and Mortgage Electronic Registration Systems, Inc. following defendants' successful demurrer.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Complaint and judgment in favor of defendants*

On May 24, 2018, plaintiff filed the instant lawsuit[1] against defendants and eight others. On October 28, 2019, following an order sustaining defendants' demurrer without leave to amend, the trial court entered judgment against plaintiff and in favor of defendants.

*Statement of disqualification*

Nearly eight months later, on June 25, 2020, plaintiff filed a document titled: "1. FILE ON DEMAND [¶] 2. EMERGENCY 6/25/20 hearing [¶] 3. Motion to recuse for cause—Judge Broadbelt, 28 U.S.C. 455(a) and CCP 170.1." The primary basis for seeking disqualification was the trial judge's "past professional partnership in 2008 at the law firm of Dreier Stein Kahn Browne Woods George LLP where Marc Dreier was an equity partner. In or about 2009, Mr. Dreier was convicted of investment fraud." The document presented no facts or evidence suggesting that the trial judge had any involvement with the

---

[1] Plaintiff did not provide us with a copy of her pleading in the appellate record.

2

criminal activities of the former law partner, and none of the allegations regarding the former partner were related to the facts of plaintiff's current action.

The filing also suggested that the trial judge's assignment to the matter was suspicious because his chambers and courtroom were, at one time, located adjacent to the chambers and courtroom of the trial judge who had presided over a related unlawful detainer action regarding the same underlying property and the same defaulted loan.

Finally, the document asserted that the trial judge was biased because of the manner in which he ruled on matters and otherwise managed the proceedings in the action, including his refusal to enter defaults against unserved defendants.

*Trial court's order striking the statement of disqualification*

The trial court construed the filing as a statement of disqualification pursuant to Code of Civil Procedure section 170.3[2] and struck it pursuant to section 170.4 because, "'on its face,'" the document disclosed no legal grounds for disqualification.

In addition, the trial judge provided a verified answer establishing no bias or prejudice and acknowledging that he knew of no facts or circumstances that would require disqualification or recusal.

Plaintiff did not petition the Court of Appeal for review of the trial court's order.

---

[2]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

*Remainder of the action is dismissed*

On March 18, 2021, the trial court dismissed the remainder of the action because plaintiff failed to file proper proofs of service showing that the summons and operative pleading had been served on the eight other defendants (the unserved defendants).

*Appeal*

On April 19, 2021, plaintiff filed her notice of appeal from the March 18, 2021, dismissal order, asserting "FRAUD ON THE COURT DISMISSAL BEING MOVED TO FEDERAL AS WELL FOR DESTRUCTION OF EVIDENCE OF POS, BRIBERY CONSIPRACY OF JUDGES."

## DISCUSSION

It is well-established that a trial court judgment is "'*presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Plaintiff has not overcome this burden. Issues are raised that are not thoroughly fleshed out or supported by record citations and/or legal authority. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appellant bears the burden of supporting a point with reasoned argument]; *County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591 [appellant must present argument on each point made]; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [appellate court is not required to make an independent, unassisted search of the appellate record].) We decline to consider the issues raised in plaintiff's opening brief that are not properly presented or

4

sufficiently developed to be cognizable, and we treat them as waived. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19; *In re David L.* (1991) 234 Cal.App.3d 1655, 1661; *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.) Plaintiff's election to act as her own attorney on appeal does not entitle her to any leniency as to the rules of practice and procedure. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

With these principals in mind, and ignoring the hyperbole and tone of plaintiff's appellate briefs,[3] we have attempted to address the merits of the issues raised by plaintiff.

I. *Plaintiff's appeal concerning the 2019 judgment is untimely*

To the extent plaintiff is challenging the trial court's judgment of dismissal following defendants' successful demurrer, her appeal is untimely.[4] California Rules of Court, rule 8.104(a)(1) provides that a notice of appeal must be filed on or before the earliest of either (1) 60 days after the appellant is served with notice of entry of judgment, or (2) 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)(B) & (C).)

---

[3] Plaintiff makes a host of unfounded inflammatory comments regarding the trial judge in this case.

[4] The fact that plaintiff may have filed a petition for review in the California Supreme Court has no bearing on the timeliness of this appeal.

5

Here, judgment was entered October 28, 2019. At the latest, plaintiff had until April 25, 2020 (180 days later), to file her notice of appeal. Because the instant notice of appeal was not filed until April 19, 2021, any challenge to the judgment entered in favor of these defendants is untimely. We lack jurisdiction to consider it. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)

II. *Trial court's order striking plaintiff's section 170.3 challenge is not appealable*

On appeal, plaintiff seems to argue that the trial court improperly struck her disqualification statement.

Section 170.3, subdivision (d), provides, in relevant part: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate . . . filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification." (§ 170.3, subd. (d).) "[T]he statute means what it says: Code of Civil Procedure section 170.3, subdivision (d) provides the exclusive means for seeking review of a ruling on a challenge to a judge, whether the challenge is for cause or peremptory." (*People v. Panah* (2005) 35 Cal.4th 395, 444.)

Simply put, the order plaintiff challenges is not appealable. Because plaintiff did not file a timely writ of mandate after the trial court struck her statement of disqualification, we cannot review the trial court's order.

III. *Trial court did not abuse its discretion in dismissing the remainder of the action in 2021*

Plaintiff asserts that the trial court erred in dismissing the remainder of her action in 2021 for delay in prosecution. To the

extent her argument is based upon her contention that the trial court was biased, that claim fails for the reasons set forth above.

Setting that aside, plaintiff has not demonstrated that the trial court erred.  A trial court "may in its discretion dismiss an action for delay in prosecution" (§ 583.410, subd. (a)) if "[s]ervice is not made within two years after the action is commenced" (§ 583.420, subd. (a)(1)). We review an order dismissing a complaint for failure to prosecute for abuse of discretion. (*Williams v. Los Angeles Unified School Dist.* (1994) 23 Cal.App.4th 84, 91.)

Plaintiff filed her complaint on May 24, 2018.  Nearly three years later, she still had not provided proof of service on the unserved defendants, despite being given multiple opportunities to do so.  She offers no reasonable explanation for the delay. (*Williams v. Los Angeles Unified School Dist.*, *supra*, 23 Cal.App.4th at p. 98.)  Under these circumstances, she has not demonstrated that the trial court committed reversible error.

# DISPOSITION

The judgment is affirmed. Defendants are entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
HOFFSTADT


_____, J.*
KWAN


---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.